# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:11-CV-00551

| | |
|---|---|
| SCENIC MARKETING GROUP, LLC, )<br> )<br>        Plaintiff, )<br>  vs. )<br> )<br>SOUTHERN HOME MEDICAL )<br>EQUIPMENT, INC., )<br> )<br>        Defendant. )<br> )<br>  vs. )<br> )<br>FRANK MOODY, )<br> )<br>        Third Party Defendant )<br> ) | ORDER |

**THIS MATTER** is before the Court upon Defendant's Motion to Transfer Venue. Defendant requests that the above captioned action be transferred to the District Court of South Carolina, Spartanburg Division. Defendant's motion is DENIED for the reasons stated herein.

## I. PROCEDURAL BACKGROUND

Defendant removed this action from the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina. Defendant then moved for a transfer of venue after filing an answer which included several counterclaims and impleaded Third Party Defendant. Plaintiff and Third Party Defendant have now filed a motion to dismiss Defendant's Counterclaim. Because the instant motion is denied, that motion will later be considered by this Court.

## II. DISCUSSION

"For the convenience of parties and witnesses, in the interest of Justice, a district court

may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The parties agree that the case could originally have been brought in the District of South Carolina; therefore, the court applies a test that balances the interest of justice with the convenience of the parties and witnesses. As the Court has previously ruled, a movant carries a "heavy burden" of proving the balance tips toward transfer. See Accretive Commerce, Inc. v. Kenco Group, Inc., No. 3:07-cv-00285, 2008 WL 413856 (W.D.N.C. Feb. 13, 2008); see also Uniprop Manufactured Hous. Cmtys. Income Fund II v. Home Owners Funding Corp., 753 F. Supp. 1315, 1322 (W.D.N.C. 1990) ("Because the movant assumes a heavy burden when making a motion to transfer, the motion will not be granted if a transfer would merely shift the inconvenience from the defendant to the plaintiff, or if the equities lean but slightly in favor of the movant after all factors are considered.").

The parties agree that eleven (11) factors are considered by the Court in determining whether Defendant has met its burden to transfer venue. See, e.g., Commercial Equipment Co. v. Barclay Furniture Co., 738 F. Supp. 974 (W.D.N.C. 1990). The factors are considered herein:

**1.    The Plaintiff's Initial Choice of Forum.**

Plaintiff chose North Carolina as its choice of forum, and courts have given great weight to this factor of the analysis. See, e.g., Commercial Equipment Co., 738 F. Supp. at 976 ("[A] court ordinarily should accord the plaintiff's choice of forum great weight."); see also Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) ("It is black letter law that a plaintiff's choice of proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed.") (internal quotation marks omitted). This factor, therefore, weighs against transfer.

**2.    The Residence of the Parties**

Defendant in this action also acts as Third Party Plaintiff and brought its own claims against Third Party Defendant, who is a resident of North Carolina. Plaintiff is also a resident of North Carolina. While Defendant is a resident of South Carolina, Defendant is a corporation, and "[f]or purposes of venue . . . a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). While Defendant has indicated an intention to challenge jurisdiction, at this stage Defendant has not raised the issue by motion; therefore, the Court assumes jurisdiction with respect to Defendant, see Kula v. United States, 2009 WL 222912 at *6 (N.D. W.Va. 2009) ("Absent challenge, personal jurisdiction is assumed."), and thus all parties are residents of North Carolina. Therefore, this factor weighs against transfer.

3.  **Relative Ease of Access of Proof.**

There are three parties to this action, two of which live in North Carolina and contend their witnesses will come from North Carolina (Doc. No. 19, p 9), but all of Defendant's employees are in South Carolina, and thus likely many of its witnesses (Doc. No. 10, p. 5). Whether this case is in North Carolina or South Carolina, some witnesses will be required to travel, and the Court sees no distinct advantage of either venue in making access to proof easier; therefore, this factor weighs neither in favor nor against transfer.

4.  **Availability of Compulsory Process for Attendance of Witnesses and the Cost of Obtaining Attendance of Willing Witnesses.**

Neither party has asserted that they expect to call any witnesses that may be unwilling to testify. Compulsory process is available for all witnesses and the cost could fall on any of the parties if, in the course of discovery, any party finds a necessary witness that may be unwilling to testify. As for willing witnesses, two of the three parties to this action reside in North Carolina; therefore, it is more likely that more witnesses will be called from North Carolina.

However there is no evidence before the Court as to how many witnesses will be called by each party or of any unusual or increased costs for their attendance. Therefore, this factor weighs neither in favor nor against transfer.

    5.    **The Possibility of a View.**

Both parties agree that this factor is not applicable to this case, and therefore it will not factor into the Court's analysis.

    6.    **The Enforceability of a Judgement, if Obtained**.

Neither party has made the contention that their judgment will be difficult to enforce. See Jim Crockett Promotions, Inc. v. Action Media Group, Inc., 751 F. Supp. 93, 97 (W.D.N.C. 1990) ("Plaintiff has not stated that it believes a judgment will be difficult to enforce. Accordingly, the Court puts some but only a little weight on this factor."). While Defendant contends that a judgment against itself will be difficult to enforce because it does not own property in North Carolina, Plaintiff seems willing to take such a risk. Meanwhile, if Defendant prevails, its opponents both own property in North Carolina. Because Plaintiff and Defendant own property in different states, this factor is neutral.

    7.    **The Relative Advantages and Obstacles to a Fair Trial.**

The parties agree they could receive a fair trial in either North Carolina or South Carolina, and thus the Court need not consider this element of the analysis.

    8.    **Other Practical Problems that make a Trial Easy, Expeditious, and Inexpensive.**

This factor is neutral because transfer will increase costs for Plaintiff and Third Party Defendant, while venue in North Carolina will result in increased costs for Defendant. It is impossible to eliminate travel for all parties in this case. Neither party raises any other issue of cost or expeditiousness in relation to this factor, and therefore it is neutral.

9. **The Administrative Difficulties of Court Congestion.**

Neither party has shown that court schedules or congestion would play a dramatic role in the disposition of the case at bar, and therefore this factor is neutral. See Triad Int'l Maint. Corp. v. Aim Aviation, Inc., 473 F. Supp.2d 666, 671 (M.D.N.C. 2006).

10. **The Interest in Having Localized Controversies Settled at Home and the Appropriateness in Having the Trial of a Diversity Case in a Forum that is at Home with the State Law that Must Govern the Action.**

This factor is the most compelling to the Court. The consulting agreement includes a provision specifying that North Carolina law governs its enforcement (Doc. No. 4-1, p. 7). While Defendant argues that the damages occurred in South Carolina, both parties signed a contract choosing North Carolina law to govern at least the consulting agreement and arguably many of the notes at question in this case. Therefore, a North Carolina court should preside over the action. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509 (1947) ("There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."). This factor weighs heavily against transfer.

11. **The Avoidance of Unnecessary Problems with Conflict of Law**

There is some dispute over which state's laws should apply to this action and it very well may be that different counts of the complaint, counterclaim, and third party complaint are governed by different law. However, it is clear that the consulting agreement and perhaps many of the notes are governed by North Carolina law. Unnecessary problems regarding conflicts of law are more likely in South Carolina than in North Carolina and thus this factor weighs in favor of venue in North Carolina

## III. CONCLUSION

While most of the factors are neutral, those bearing any weight favor venue in North Carolina. At best, transfer of venue would simply shift the inconvenience from Defendant to Plaintiff, which is not enough to order transfer. See <u>Uniprop Manufactured Hous. Cmtys.</u>, 753 F. Supp. At 1322.

IT IS THEREFORE ORDERED that Defendant's Motion to Transfer Venue is DENIED.

Signed: January 13, 2012

Frank D. Whitney
United States District Judge