UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-CV-00551

| | |
|---|---|
| SCENIC MARKETING GROUP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| SOUTHERN HOME MEDICAL ) | |
| EQUIPMENT, INC., ) | |
| ) | ORDER |
| Defendant. ) | |
| ) | |
| vs. ) | |
| ) | |
| FRANK MOODY, ) | |
| ) | |
| Third Party Defendant ) | |
| ) | |

**THIS MATTER** is before the Court upon Plaintiff's Motion to Strike Defendant's Reply Brief (Doc. No. 27), which was filed in relation to Defendant's motion to transfer venue.[1] The Court GRANTS the Motion to Strike in part and DENIES it in part.

Plaintiff contends that Defendant's Reply Brief exceeded the 1,500 word limit allowed by Section 3(b)(4) of this Court's Standing Order Governing Civil Case Management and also fails to include the certification that the brief complies with that word count restriction, as required by the same order. See Standing Order Governing Case Management, 3:07-MC-0047, § 3(b)(iv) ("[R]eply memoranda shall not exceed 1,500 words . . . [t]he memorandum of law shall include a certificate by the attorney . . . that the submission complies with the foregoing word limitation."). The Court finds that Defendant's reply does exceed the 1,500 word limit and Defendant failed to include a

---

[1] Due to a computer error, the Court's order on the motion to transfer venue was filed before this Order on the Motion to Strike; however, the instant motion was considered first and taken into account when ruling on the motion to transfer venue.

certification that the brief complies with the word count. Therefore, the Court GRANTS the motion to strike in part. Any written material beyond 1,500 words in Defendant's reply brief is stricken and will not be considered by the Court.

Plaintiff further contends that Defendant attached a new affidavit to the reply along with an unauthenticated email string in violation of F. Rule. Civ. P. 6(c)(2) ("Any affidavit supporting a motion must be served with the motion."). The Court finds there is in fact an affidavit attached to Defendant's reply along with an email chain. Both of these documents violate F. Rule Civ. P. 6(c)(2); therefore, these exhibits are stricken and will not be considered by the Court.

Lastly, Plaintiff argues that Defendant's reply "contains a combination of new argument that has nothing to do with the arguments set forth in the response brief, plus regurgitations of the same arguments set forth in Defendant's initial brief." Only the former violates a rule, see Local Rule 7.1(E) ("[A] reply brief should be limited to a discussion of the matters newly raised in the response."), but the Court finds that Defendant's reply is responsive to Plaintiff's response and does not raise any significant or material new issue. Therefore, the motion to strike for this purpose is DENIED.

IT IS THEREFORE ORDERED THAT the Motion to Strike is GRANTED in part and DENIED in part as follows:

(1) Any words beyond the 1,500 word limit is STRICKEN and will not be considered by the Court.

(2) The exhibits, including all affidavits and email chains, attached to Defendant's reply are STRICKEN and will not be considered by the Court.

Signed: January 17, 2012

Frank D. Whitney
United States District Judge